

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-13-2006

# Forbes v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3659

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Forbes v. Atty Gen USA" (2006). *2006 Decisions*. Paper 1448.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1448

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 05-3659

———————————

FELIX D. FORBES,

Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES,

Respondent

———————————————————————

On Petition for Review of an Order
of the Board of Immigration Appeals
(Agency No. A78 402 230)
Immigration Judge Grace A. Sease

———————

Submitted Under Third Circuit LAR 34.1(a)
MARCH 13, 2006

Before:  BARRY, STAPLETON AND GREENBERG, <u>Circuit Judges</u>.

(Filed: March 13, 2006)

———————————

OPINION

———————————

PER CURIAM

I.

Forbes, a native of Columbia, entered the United States as a non-immigrant in 1991. Several years later Forbes was convicted of a drug offense. In 2002, the government issued a final administrative removal order pursuant to Immigration Nationality Act § 238(b), finding Forbes removable for having been convicted of an aggravated felony under § 237(a)(2)(A)(iii). Forbes subsequently applied for statutory withholding of removal and relief under the Convention Against Torture. In June 2004, the Immigration Judge ("IJ") denied relief from removal, and in July 2004 denied Forbes' motion for reconsideration. Forbes submitted a notice of appeal that was filed with the Board of Immigration Appeals ("BIA") in November 2004. The BIA rejected Forbes' ineffective counsel explanation for filing a late appeal and dismissed the appeal as untimely.

In 2005, Forbes filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the District Court for the Middle District of Pennsylvania. The portion of the habeas petition challenging Forbes' order of removal was transferred to this Court as a petition for review pursuant to the Real ID Act of 2005 § 106(c), Pub L. No. 109-13, 119 Stat. 231.[1]

---

[1] The District Court dismissed as premature Forbes' claim challenging his detention. Furthermore, the Real ID Act did not alter the District Court's jurisdiction over such claims. See Real ID Act of 2005 §§ 106(a), Pub L. No. 109-13, 119 Stat. 231. Thus, to the extent Forbes continues to challenge his detention, the claim is not presently before

2

II.

A court may review a final order of removal only if the petitioner has exhausted all of the administrative remedies available to him as of right. 8 U.S.C. § 1252(d)(1); Bonhometre v. Gonzales, 414 F.3d 442, 447 (3d Cir. 2005). Forbes claims that his retained counsel was ineffective in failing to appear at the hearings before the IJ. Forbes also faults the local immigrants' rights organization for its failure to mail his initial notice of appeal. Neither of these ineffective counsel claims was properly presented to the BIA. See Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988) (setting forth procedural requirements for raising ineffective counsel claims); Lu v. Ashcroft, 259 F.3d 127, 132-33 (3d Cir. 2001) (approving Lozada requirements as reasonable exercise of BIA's discretion); BIA Decision of 1/26/2005 (rejecting Forbes' ineffective counsel explanation for the untimely appeal as not complying with Lozada requirements). Also, because Forbes did not file a timely appeal to the BIA, he failed to exhaust any further challenge to the IJ's denial of relief from removal.[2] Accordingly, we will deny the petition for review.

the Court.

[2] In light of Forbes' failure to properly present his ineffective counsel on appeal claim to the BIA, we decline to address his argument that such ineffectiveness provides a basis to waive the exhaustion requirement.